IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROLAND I. KEHANO, SR., #A0125634,<br><br>Plaintiff,<br><br>vs.<br><br>PIONEER MILL COMPANY, LLC, et al.,<br><br>Defendants. | ) | CIV. NO. 12-00448 JMS/BMK<br><br>DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(e) (2) AND § 1915A(b) |

**DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)**

Before the court is *pro se* Plaintiff Roland I. Kehano, Sr.'s amended prisoner civil rights Complaint brought pursuant to 42 U.S.C. § 1983.[1] ECF No. 19. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF") and proceeding *in forma pauperis*. Plaintiff names private companies and their past and present owners, employees, and attorneys, as well as state agencies and their officers as defendants to this suit. The Amended Complaint and this action are DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). Because further amendment appears futile, and abstention is

[1] The Amended Complaint also cites *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, but alleges nothing showing any federal employee or agency's involvement in his claims.

required under the *Younger* abstention doctrine, this dismissal is without leave to amend.

## I. BACKGROUND

On August 20, 2012, the court dismissed Plaintiff's original Complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), with leave to amend. Order, ECF No. 4. Plaintiff now clarifies that he is involved in an ongoing quiet title action in the state court with 102 other defendants. Plaintiff broadly alleges that Defendants[2] violated his rights as a native Hawaiian "by thinking us Hawaiians are stupid and we will continue to let these Corporation to legally acquire land parcel owned by Heirs of our Ancestors." Am. Compl., ECF No. 19 PageID #202. Plaintiff believes the land in question is his by virtue of his Hawaiian heritage. Plaintiff also protests the diversion of water from the Hawaiian people, which he alleges has diminished taro farming and traditional Hawaiian lifestyles.

---

[2] Plaintiff names: (1) James Campbell, founder of Pioneer Mill Company (deceased 1900); (2) Colin (Campbell) Cameron, first president of Maui Land & Pineapple Company (deceased 1992); (3) Harry Weinberg, investor, Maui Land & Pineapple Company (deceased 1990); (4) West Maui Land and Pineapple Company, Inc. President and CEO Peter Martin; (5) West Maui Land and Pineapple Company attorney James W. Geiger, Esq.; (6) State Office of Planning Director Jessie Souki; (7) Deputy Attorney General Bryan Yee; (8) Maui County Director of Planning William Spence; (9) Robert E. Badger, Esq.; (10) James Richard McCarty; Esq.; (11) Michael W. Gibson, Esq.; and (12) Michael Hopper, Esq.

Plaintiff is one of many co-defendants in *Pioneer Mill Company, LLC. v. Mahinahina, et al.*, Civ. No. 11-1-0063(1), a case that is currently pending in the Hawaii Second Circuit Court. *See* Original Compl., ECF No. 1. Plaintiff asks this court to intervene in this state court case and order 50% of the land parcel placed in a federal trust naming Plaintiff the "President, CEO," for "the Peoples Party. The Legacy of Warrior Chief Kahikili," and 50% to be used for crop and animal husbandry and affordable homes. Am. Compl. ECF No. 19 PageID #205.

## II. STATUTORY SCREENING

Federal courts must engage in a preliminary screening of cases in which prisoners are proceeding *in forma pauperis* or seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §§ 1915(e)(2), 1915A(a). The court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.*

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A

"complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the court determines that a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

//

//

**A. Failure to State a Claim**

Plaintiff alleges due process violations under the First, Fifth, Sixth, and Seventh Amendments, but provides nothing showing how any Defendant violated his rights. That is, Plaintiff's Amended Complaint again fails to allege sufficient, specific facts giving rise to an inference that Defendants violated his rights to due process, or other constitutional rights. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is subject to dismissal. *Iqbal*, 556 U.S. at 679.

Plaintiff does not even set forth the barest elements of a cause of action that is cognizable under § 1983, nor do his exhibits give rise to an inference of a violation. Plaintiff admits that he is currently proceeding in state court on these claims and that the state court has acted on the motions that he filed. Defendants' adversary position to his claims in court does not equate to the denial of constitutional rights. Plaintiff also does not explain how any of the private individual Defendants acted under color of state law, or how the deceased Defendants are liable for his claims. Other than by virtue of his Hawaiian ethnicity, Plaintiff does not even claim that he has a legitimate ownership interest in the land at issue. In short, Plaintiff protests a sale of land in Maui that apparently occurred many years ago and to which he has no apparent connection.

*See generally*, Am. Compl., ECF No. 19. Plaintiff also admits that his co-defendants have not joined his opposition to the quiet title action. *See* Am. Compl. ECF No. 19, PageID #202 ("Not one of 102 Hawaiians even cared to voice their mana in opposition to this Quiet Title/Partition Action, not even their attorneys."). Plaintiff again fails to state a cognizable claim that Defendants have violated his rights under the laws, treaties, or Constitution of the United States. Plaintiff's constitutional claims are implausible and are not subject to amendment.

**B. Younger Abstention**

In any event, *Younger* abstention applies. *Younger* abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that *Younger* disapproves. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *See also San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007).

Here, state judicial proceedings are pending. These state proceedings involve the enforcement of state property laws and possibly a determination of

native Hawaiian rights to that property, inarguably important state interests. Plaintiff fails to raise any discernible federal claims in this suit and, to the extent he *has* cognizable federal constitutional claims, the state courts can adjudicate them. *See In re: Iao Ground Water Mgmt. Area High-Level Source Water*, 128 Haw. 228, ___, 287 P.3d 129, 172 (2012) (exercising jurisdiction over claims brought by native Hawaiians asserting that their state and federal constitutional rights were infringed in a land dispute) (citing *Kalipi v. Hawaiian Trust Co.*, 66 Haw. 1, 656 P.2d 745 (1982)). Finally, a decision by this court regarding the circuit court's rulings would clearly interfere with the ongoing state proceedings. Accordingly, even if Plaintiff stated a claim, abstention is proper here pending completion of the state civil proceedings.

Plaintiff seeks only injunctive relief. When a district court finds *Younger* abstention appropriate as to a request for declaratory or injunctive relief, the court may not retain jurisdiction and should dismiss the action. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977); *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

///

///

///

## IV. 28 U.S.C. § 1915(g)

Under the 3-strikes provision 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915:

> If the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff says that he has had two federal cases dismissed for failure to state a claim. *See* Amended Compl., ECF No. 19 PageID #200-01. The federal courts' civil database reveals that Plaintiff actually has *three* federal civil actions that were dismissed for failure to state a claim. *See* PACER Case Locator, http://pacer.psc.uscourts.gov.; *see Kehano v. State*, No. 2:04-cv-00935 SMM (D. Ariz. 2005) (dismissed for failure to state a claim, Oct. 25, 2005, ECF Nos. 11, 12) *aff'd*, (9th Cir. Oct. 17, 2006); *Kehano v. State*, No. 2:05-cv-02475 SMM (dismissed for failure to state a claim, Sept. 8, 2005, ECF No. 13), *aff'd*, (9th Cir. Apr. 10, 2007, ECF No. 28); *Kehano v. Espinda*, Civ. No. 12-00529 JMS/BMK (D. Haw.) (dismissed for failure to state a claim, Oct. 24, 2012, no appeal yet filed).

Because the time for appeal has passed on Plaintiff's most recently dismissed case, it may be counted as a strike under § 1915(g). *See Silva v. Di Vittorrio*, 658 F.3d 1090, 1099 (9th Cir. 2011). Plaintiff is NOTIFIED of his three previous strikes, and that this dismissal may later count as "strike" under the "3-strikes" provision.

**V. <u>CONCLUSION</u>**

IT IS HEREBY ORDERED that:

(1) The Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). Because amendment is futile, this dismissal is with prejudice and without leave to amend.

(2) Plaintiff is NOTIFIED that he has accrued three strikes pursuant to 28 U.S.C. § 1915(g), and that this dismissal may also be later counted as strike.

(3) The Clerk of Court is directed to TERMINATE this action and enter judgment. Any pending motions are DENIED.

(4) The court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal

///

///

///

Rules of Appellate Procedure 24(a)(3)(A), that an appeal of this decision would not be taken in good faith.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 6, 2012.




/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kehano v. Pioneer Mill Co.*, Civ. No. 12-00448 JMS/BMK; Dismissal Order Pursuant to 28 U.S.C. § 1915(e) and § 1915A(b); G:\docs\prose attys\Screening\DMP\2012\Kehano 12-448 JMS (dsm FAC FTSC & Younger abst.).wpd